LEVEL TRADING CORPORATION, Respondent, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 30, 1936.

*Greenhill & Greenhill* [*Simon Greenhill* of counsel], for the appellant.

*Robert Jablin,* for the respondent.

PER CURIAM. Plaintiff, a finance company, was only protected against conversion by its customer. When the latter defaulted, plaintiff sued her on the promissory note and was defeated by a counterclaim for breach of warranty. The result of this suit confirmed the rightful possession of the car by the customer and made a claim against defendant insurance company ineffective because no conversion could thereafter be proved.

Order reversed, with ten dollars costs, and motion granted.

LEVY and HAMMER, JJ., concur; CALLAHAN, J., dissents, with memorandum.

CALLAHAN, J. (dissenting). I dissent. After plaintiff had presented a claim to defendant under its policy insuring against loss by reason of conversion, it brought suit against the buyer of the car on a note which had been given to plaintiff's assignor (the seller) at the time of the sale. In the latter suit the buyer prevailed on a counterclaim asserting breach of warranty as to quality. The insurance company now attempts to take advantage of the judgment in the suit against the buyer by contending that it adjudicates that the buyer paid in full for the car and defeats any claim of damages for conversion against it. In my opinion it may not do so. The prior judgment was not between the parties hereto or their

174

privies. It is neither an estoppel nor evidence in this action of the right of the buyer to possession. There was no election of remedies effectuating title in the buyer by the bringing of the first suit because of the terms of the contract of sale which provided that such claims were to be cumulative.

The defense of interference with defendant's right of subrogation by attempting to collect the debt would be inequitable and subrogation is an equitable doctrine.

At least issues of fact exist as to these defenses.

I vote to affirm.